FILED
OCT 28 2009
Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CASEY DUKE, an individual, | ) |
| Plaintiff, | ) **09 CV - 702 TCK  TLW** |
| v. | ) Case No. |
| 1. HELMERICH & PAYNE, INC. a foreign corporation AND HELMERICH & PAYNE INTERNATIONAL DRILLING CO., a foreign corporation | ) JURY TRIAL DEMANDED ) ATTORNEY'S LIEN CLAIMED ) FOR THE FIRM |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Casey Duke ("Plaintiff"), by and through his attorney of record Charles C. Vaught of the firm *Armstrong & Lowe, P.C.* and hereby submits the following Complaint against Defendants Helmerich & Payne, Inc. and Helmerich & Payne International Drilling Co. ("Defendants") and hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 and 1367(a).

2. This action arises under 42 U.S.C. §§ 2000e, *et seq.* and the common law of the State of Oklahoma.

3. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq*.

4. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

1



5. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. §1391(b), because the claims herein arose in this judicial district.

## PARTIES

6. Plaintiff was at all times hereinafter mentioned, domiciled in and a citizen of the State of South Dakota, and is a Caucasian male.

7. Defendants were and are now existing under the laws of Oklahoma and their principal place of business is in Tulsa, Oklahoma.

8. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information with the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Right to Sue letter on September 9, 2009, (attached as an Exhibit hereto and hereby incorporated by reference as though fully set forth herein).

## OPERATIVE FACTS

9. Plaintiff was employed by Defendants from approximately October 1, 2008 through January 26, 2009.

10. During Plaintiff's employment with Defendants he was subjected to unwelcome sexual harassment committed by Josh, the drilling engineer of Ultra Petroleum contracted by Defendants.

11. The sexual harassment complained of herein includes, without limitation, the following acts:

   a. On January 25, 2009, Josh started making sexually explicit comments to Plaintiff and other co-workers.

b. Josh made the comment to Plaintiff that he liked the way Plaintiff touched the hose and that Plaintiff's ass looked good in his overalls.

c. Plaintiff and his co-workers immediately told Josh not to talk to them in that manner.

d. Josh proceeded to tell them to act like they were sucking his penis.

e. Another comment by Josh was telling Plaintiff to lick the end of the dope brush so he could see how he would look while performing oral sex.

f. Further, Josh told Plaintiff to grab the drill pipe and act like he was jacking off.

g. Josh asked Plaintiff if he wondered how big his cock was and if he was going to think about him all night.

h. Josh told Plaintiff and his co-workers to spank each other with the rubber hose so that he could watch.

i. The Driller was in the doghouse and heard Josh make lewd, sexual comments to plaintiff and his co-workers over the intercom system.

j. Immediately upon leaving the rig floor, Plaintiff and his co-worker reported the lewd comments and sexual harassment to John, the supervisor, who agreed that Josh's conduct was unprofessional.

k. Plaintiff assumed that the Defendant would remedy the sexual harassment after it was reported.

l. However, the following day, on October 26, 2009, every time Plaintiff was near Josh, he would make comments to Plaintiff about being sexy and asking Plaintiff why he did not have his tight coveralls on like Plaintiff was told to do by Josh.

m. Later that day, while Plaintiff was working on the topdrive, Josh was in the driller's

      cabin and told Plaintiff he needed to shave because he liked young looking boys. Josh proceeded to ask Plaintiff if he liked it in the ass.

n.    At the end of the day, Plaintiff was putting his tools away, and Josh grabbed his butt in a sexual manner and told Plaintiff not to fight it so it wouldn't hurt so bad.

o.    Immediately, Plaintiff went to the toolpusher shack and again reported Josh's lewd and sexual comments. John, the toolpusher, stated that Plaintiff should not have to tolerate Josh's lewd comments and sexual harassing behavior. He informed Plaintiff that there was an 800 number to call and report these incidents, but he was unable to provide it at that time. So Plaintiff went to the camp and collected his items and went home.

p.    As a direct result of the uninvited, unwanted, and sexually offensive conduct, Plaintiff could not return to work for Defendants and therefore, was constructively discharged from employment with Defendants.

## FIRST CLAIM FOR RELIEF
## (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

17.    Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

18.    By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed towards him.

19.    By and through, but not limited to, the actions described above, Defendants have violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq.*

20.    As a direct and proximate result of said actions by Defendants, Plaintiff has suffered, is now

suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

21. Defendants's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to him.

22. Plaintiff has been injured by this sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendants is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (STATE LAW *BURK* TORT CLAIM)

17. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

18. That, as a member of a protected class, to wit: victim of sexual harassment, Plaintiff is protected by Oklahoma Public Policy as recognized in *Collier v. Insignia Financial Group*, 1999 OK 49, 981 P.2d 321; *Saint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037; and *Shirazi v. Childtime Learning Center, Inc.*, 2009 OK 13, __ P.3d __.

19. That Oklahoma public policy prohibits sexual harassment in the workplace and permits an aggrieved employee to bring a claim against an employer for permitting a hostile environment based on sexual harassment;

20. That Plaintiff was sexually harassed during his employment as prohibited by Oklahoma Public Policy;

21. That Defendants ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

22. That the conduct complained of constitutes illegal sexual harassment in violation of Oklahoma Public Policy.

**WHEREFORE**, premises considered, Plaintiff prays this Court grant him judgment against Defendants for actual and compensatory damages, declaratory and injunctive relief, prejudgment interest, cost and attorney fees, an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

23. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

24. That Defendants intentionally engaged in outrageous discriminatory conduct against Plaintiff.

25. That Defendants knew or should have known that such outrageous discriminatory conduct would cause Plaintiff severe emotional distress.

26. That Defendants' discriminatory conduct was extreme and outrageous and goes beyond all possible bounds of decency in a civilized community.

27. That as a result of Defendants' intentional, willful, malicious and reckless conduct, Plaintiff suffered severe emotional distress.

**WHEREFORE**, premises considered, Plaintiff prays this Court grant him judgment against Defendants for actual and compensatory damages, declaratory and injunctive relief, prejudgment interest, cost and attorney fees, an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

ARMSTRONG & LOWE, P.C.

*/s/ Charles C. Vaught*

Charles C. Vaught, OBA #19962
1401 South Cheyenne
Tulsa, Oklahoma 74119-3440
(918) 582-2500
(918) 388-0100 (facsimile)
**Attorney for Plaintiff**

EEOC Form 161 (2/08)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Casey W. Duke
P.O. Box 607
Alcester, SD 57001

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

xc: Charles C. Vaught, Attorney

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2009-00652 | Dick W. Valentine<br>Senior Investigator | (405) 231-5833 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)     Lloyd J. Vasquez, Area Office Director     09/09/09 (Date Mailed)

cc: Cara M. Hair
Attorney
Helmerich & Payne, Inc.
1437 S. Boulder Avenue
Tulsa, OK 74119



EXHIBIT

received 9.10.09